**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: RENEE FERESI, | No. 15-55864 |
| Debtor, | D.C. No. 2:14-cv-04512-DOC |
| ------------------------------ | |
| ALLEN LAW CORP., | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| UNITED STATES TRUSTEE; RENEE FERESI, | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 7, 2017[**]
Pasadena, California

Before: SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In November 2009, Renee Feresi filed for bankruptcy and was represented by Allen Law Corporation ("ALC"). In January 2010, ALC filed an application for approval to represent Feresi in bankruptcy proceedings, *see* 11 U.S.C. § 327, but the bankruptcy court denied this application because ALC failed to serve Feresi's creditors, as required by law. ALC did not correct this deficiency or file another application for over three years. In the meantime, ALC continued representing Feresi and collected $119,419.81 in fees without submitting a single request for interim compensation, as required by the bankruptcy code. *See* 11 U.S.C. § 331. Moreover, ALC failed to disclose some of the money it had received from Feresi (specifically, there was a payment of $34,419.81 in February 2011 that did not appear on any of Feresi's monthly operating reports).

In June 2013, ALC filed a motion for retroactive approval of all the fees it had collected from Feresi. The bankruptcy court did not rule on this motion. Instead, in April 2014, the bankruptcy court ordered ALC to disgorge the $119,419.81 it had received from Feresi because ALC failed to obtain authorization or submit interim compensation requests.

ALC appealed to the district court. The district court affirmed the bankruptcy court's disgorgement order as to $94,419.81, but remanded because there was a factual dispute as to the remaining $25,000. ALC appeals from the

2

district court's order remanding to the bankruptcy court. We dismiss for lack of jurisdiction because the district court's order is not final.

This court has jurisdiction to hear appeals "from all final decisions, judgment, orders, and decrees" entered by a district court on appeal from a bankruptcy court. 28 U.S.C. §158(d).

**1.** The district court's order here is not final because the district court remanded for the bankruptcy court to make a central factual finding: whether the $25,000 amount was a retainer for bankruptcy services or whether it was payment for unrelated, past legal work. If it was the former, then it is subject to disgorgement; if it was the latter, then ALC is likely entitled to keep the money. Resolving this factual dispute, therefore, is central to ALC's appeal and does not present the type of mechanical or computational remand that renders a district court's order final. *See In re Saxman,* 325 F.3d 1168, 1172 (9th Cir. 2003) (holding a district court's order was final where the remand did "not require anything beyond the task of computing the partial discharge of [the debtor's] loan"); *In re Bankr. Estate of MarkAir, Inc.*, 308 F.3d 1057, 1060 (9th Cir. 2002) (holding that a district court's order was final where the remand simply "required the bankruptcy court to determine the amount of interest to which the Trustee is entitled on his refund claim").

**2.** Exercising jurisdiction is also not justified because the issue presented on appeal is not a legal question that could either obviate the need for further fact finding, or materially assist the bankruptcy court on remand. *See In re Dawson,* 390 F.3d 1139, 1145 (9th Cir. 2004). The issue presented on appeal is whether the bankruptcy court erred in ordering ALC to disgorge its fees, an issue that presents questions deeply rooted in the facts and reviewed for abuse of discretion—not legal questions. In fact, depending on how the bankruptcy court rules on the $25,000 question, either Feresi or ALC may appeal, which would lead to piecemeal litigation. *See In re Martinez,* 721 F.2d 262, 265 (9th Cir. 1983) ("The finality doctrine is based on the twin policies of controlling piecemeal adjudication and eliminating the delays caused by the appeal of interlocutory decisions.").

**DISMISSED**.